UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARONTA TYRONE LEWIS,

     Plaintiff,

    v.

MAGANA,

     Defendants.

No.  2:26-cv-01286-SCR

ORDER

Plaintiff is an incarcerated individual representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983.  He has requested leave to proceed without paying the full filing fee for this action pursuant to 28 U.S.C. § 1915.  Plaintiff's complaint is before the court for screening.

Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Factual Allegations

Plaintiff is an inmate at Salinas Valley State Prison, but appears to complain about his

2

transportation from High Desert State Prison. He sues Correctional Officer Magana who was assigned to transport plaintiff to an outside medical facility on or about March 19, 2024. ECF No. 1 at 17. The complaint also names additional John Doe defendants. Plaintiff alleges that he was injured during this transport because his wheelchair was not properly secured in the vehicle. ECF No. 1 at 21.

Plaintiff's complaint is 65 pages long with over 200 pages of attachments. ECF No. 1. Portions of the complaint are written on forms for state court civil actions. See ECF No. 1 at 4-836, 41, 44. Based on his use of state court forms throughout the complaint, it is not entirely clear that plaintiff intended to initiate this action in federal court. Plaintiff may have intended to file this action in the Superior Court for Lassen County. See ECF No. 1 at 6.

**III.    Analysis**

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Fed. R. Civ. P. 8(a)(2). Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "'firm application of the Federal Rules of Civil Procedure' is fully warranted" in prisoner cases). The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Based on the violation of Rule 8(a)(2), the court cannot discern whether the allegations in

3

the complaint allege the violation of a constitutional right by any named defendant.  As a result, the court dismisses the complaint with leave to file an amended complaint within 30 days from the date of this order.  The amended complaint shall be no longer than 25 pages in length, including exhibits, and shall include a short and plain statement of any claim for relief as required by Rule 8(a)(2).  Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed.

### IV.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In filing an amended complaint, plaintiff shall not improperly join unrelated claims or defendants into a single action.  A plaintiff may properly assert multiple claims against a single defendant in a civil action.  Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

4

transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "to prevent the sort of morass" a multiple claim, multiple defendant suit produces.  Id.

### V.      Plain Language Summary for Party Proceeding Without a Lawyer

Since plaintiff is representing himself in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The court is dismissing your complaint with leave to amend because it does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.  You have 30 days to file an amended complaint limited to no more than 25 pages.

If you do not comply with the provisions of this order, the undersigned will recommend that your case be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No.2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed with leave to file an amended complaint within 30 days from the date of this order for violating Rule 8(a).  **Any amended complaint shall be no longer than 25 pages in length including exhibits.**

4.  Plaintiff's failure to comply with the provisions of this order will result in a recommendation that this action be dismissed.

DATED: June 22, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE